```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LONARD MITCHELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHARLES LEEDS | : | NO. 06-4598 |

MEMORANDUM

Bartle, C.J.                                                May 10, 2007

      Plaintiff filed this action against Officer Charles Leeds of the Norristown Police Department alleging civil rights violations arising from defendant's arrest of plaintiff on August 30, 2003. Defendant has filed a motion to dismiss plaintiff's action under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that it is barred by the statute of limitations. Although defendant's motion is unopposed and could be granted exclusively on such grounds, see E.D. Pa. R. Civ. P. 7.1, we will provide plaintiff with our reasoning as to why he has filed his complaint too late.

      Under Rule 12(b)(6), a claim should be dismissed only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would warrant relief." Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citation omitted). All well-pleaded allegations in the complaint must be accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. Id.

Plaintiff alleges that Officer Leeds used excessive force while arresting him, specifically that Officer Leeds tackled him to the ground and punched him in the eye.  As a result of the incident, plaintiff was charged with assault although the charge was later dropped to resisting arrest.  In January 2004, plaintiff pleaded guilty to resisting arrest.  This conviction put him in violation of his probation and he was consequently re-incarcerated.  Plaintiff seeks damages for the injuries to his eye and argues that his current imprisonment as a result of the arrest is unlawful.  From the content of plaintiff's complaint, we understand this to be brought as a civil rights action under 42 U.S.C. § 1983.

Because § 1983 does not contain a statute of limitations, the Supreme Court has determined that the limitations period for a claim brought under § 1983 is governed by the law of the state where the alleged claim arose.  Wilson v. Garcia, 471 U.S. 261, 265 (1985).  The Supreme Court has further determined that § 1983 claims are analogous to tort claims and that the court should therefore apply the state's personal injury statute of limitations.  Id.; Owens v. Okure, 488 U.S. 235, 249-50 (1989).  The Pennsylvania statute of limitations for personal injury actions is two years.  42 Pa. Cons. Stat. Ann. § 5524; Bougher v. University of Pittsburgh, 882 F.2d 74 (3d Cir. 1989).

Although state law determines the duration of the limitations period, federal law determines the date of a claim's

accrual.  Long v. Bd. of Educ. Of the City of Phila., 812 F. Supp. 525, 531 (E.D. Pa. 1993), aff'd, 8 F.3d 811 (3d Cir. 1993). A civil rights cause of action accrues under federal law when the plaintiff "knew or had reason to know of the injury that constitutes the basis of the action."  Id. (citing Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)).

In the instant case, the arrest that forms the basis of plaintiff's complaint occurred on August 30, 2003.  Any action plaintiff wishes to maintain as a result of that arrest accrued on that day.  See Jackson v. Officer Nicoletti, 875 F. Supp. 1107, 1109 (E.D. Pa. 1994).  Pursuant to the applicable two-year statute of limitations for a § 1983 claim, plaintiff had until August 29, 2005 to file a complaint.  As plaintiff's complaint was not filed until November 28, 2006, some three years and three months after plaintiff's arrest, it will be dismissed as untimely.

```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LONARD MITCHELL              :        CIVIL ACTION
                             :
         v.                  :
                             :
CHARLES LEEDS                :        NO. 06-4598
```

ORDER

AND NOW, this 10th day of May, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Charles Leeds to dismiss plaintiff's complaint is GRANTED.

                                        BY THE COURT:

                                        /s/ Harvey Bartle III
                                                                           C.J.